# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TYRONE DAVIS                                                                                                    PETITIONER

v.                                                   5:16CV00017-KGB-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

**I.   BACKGROUND**

On April 2, 2013, a Pulaski County Circuit Court jury convicted Petitioner Tyrone Davis of two counts of sexual assault in the second degree and sentenced him to five years' imprisonment on each count. (Doc. No. 7-6.) The judge ran the sentences concurrently. (*Id.*) The convictions arise from allegations of Mr. Davis's daughter, A.D., and her older sister, L.R., accusing him of touching them inappropriately. L.R., fifteen years old at the time of trial, testified that Mr. Davis would pin her down on a "bed or couch" and touch her "private area" with his hand or "his private area" and he would make a "thrusting motion." (Doc. No. 7-2 at 196-198.) She testified that this happened "more than twenty times" between the ages of eight and "around twelve." (*Id.* at 139-140.) A.D., seven years old at the time of trial, testified that her father would call her into his bedroom, where she would get into bed with him, and he would use "his hands" on her "bottom" to push her "up and down." (*Id.* at 242-247.) He would also touch her on the "inside" with his finger, and touch her vagina with his penis.[1] She stated this had happened "more than five times." (*Id.* at 254.) The final time was in 2011 - the incident that brought rise to these charges.

Mr. Davis filed an appeal based on *Anders v. California*, 386 U.S. 738 (1967), and the

---

[1] A.D. testified that Mr. Davis would touch her "cooter" with "his cooter." (Doc. No. 7-2 at 248.)

2

Arkansas Court of Appeals affirmed. *Davis v. State*, 2014 Ark. App. 44 (2014). Then, through hired counsel, Mr. Davis filed a Rule 37.1 petition (Doc. No. 7-6 at 9) alleging his defense counsel was ineffective for failing to request a rape-shield hearing prior to trial and failing to present evidence of the victims' mother's history of using her daughters to fabricate rape allegations against the men in her life. (*Id.*) He received a hearing on July 24, 2014, (*Id.* at 42) and the circuit court allowed the parties to file post-hearing briefs. The court dismissed the petition, finding the claims were conclusory, and petitioner failed to show trial counsel was ineffective. (Doc. No. 7-6 at 32.) Mr. Davis appealed, but was released on parole before the Arkansas Supreme Court adjudicated the appeal.[2]

On January 25, 2016, Mr. Davis filed the current Petition contending his trial counsel was ineffective for reasons previously stated and arguing further that the state court's decision was contrary to and an unreasonable application of clearly established federal law. (Doc. No. 1.) Respondent replied that the state court should be given deference. (Doc. No. 7.) For the following reasons, I agree.

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), restricts federal habeas courts to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

---

[2]Rule 37.1 requires petitioners be "in custody" for the court to hear the a Rule 37 Petition. Ark. R. Crim. P. 37.1. "In custody" means "incarceration" in the State of Arkansas. *Bohanan v. State*, 336 Ark. 367, 372, 985 S.W.2d 708, 710 (1999).

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

After reviewing the Pulaski County Circuit Court's opinion, I find it is not contrary to or an unreasonable application of an established federal law. Furthermore, the opinion was not based on an unreasonable determination of the facts. The court found that Mr. Davis's ineffective assistance of counsel claims were conclusory, and Mr. Davis failed to show his attorney was ineffective. (Doc. No.7-6.) Petitioner argues that the finding of conclusory is an unreasonable application of established federal law because of the evidence provided at the Rule 37 hearing and in the current Petition.

The ineffective assistance of counsel standard is set forth in *Strickland v. Washington*.

4

Counsel is ineffective if she "made errors so serious that [she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668 at 687 (1984).

Petitioner argues his counsel was ineffective for failing to request a rape-shield hearing, failing to cross-examine the victims' mother, Maria Walker, about her "ever more popular method of getting men out of their lives" by entangling men in rape accusations, and failing to call Brittany Walker as a witness. (Doc. No. 1.) However, the trial court found that these claims did not rise to the level of ineffective counsel, and I agree.

As for the failure to file a rape-shield motion,[3] trial counsel testified at the Rule 37 hearing that she believed L.R. would testify the allegations she previously made against her uncle were true. (Doc. No. 7-6 at 67.) So assuming these allegations would have been admitted after a rape-shield hearing, for Petitioner to prevail, he must show L.R.'s testimony about being previously assaulted would have resulted in an acquittal. This he cannot do. He also provides no evidence that this failure deprived him of a fair trial. Therefore, the circuit court's ruling was not contrary to or an unreasonable application of *Strickland*.

Petitioner argues trial counsel should have cross-examined Ms. Walker, but the state did not call her as a witness so trial counsel had to question her under direct examination. Several times, the state successfully objected to trial counsel's leading the witness, and at a bench conference, the judge found the witness was not hostile. (Doc. No. 7-3 at 106.) Trial counsel did her best on direct to get Ms. Walker to advance the theory that Ms. Walker and Mr. Davis had a tumultuous

---

[3]Petitioner wished for the jury to hear that L.R. had previously made allegations of sexual assault against her uncle, and no criminal case was ever opened based on those allegations. (Doc. No. 7-6 at 66.)

5

relationship, and Ms. Walker influenced the children to make false allegations. (*Id.* at 222-3.) On cross examination, the prosecutor asked Ms. Walker if she told the victims to make these allegations, and Ms. Walker said she did not. (*Id.* at 123.) An attorney cannot be held accountable for a witness's testimony. Therefore, the circuit court's finding that trial counsel was not ineffective for her line of questioning Ms. Walker is clearly not an unreasonable application of *Strickland*.

Finally, Mr. Davis argues his trial counsel was ineffective because she failed to subpoena Brittany Walker.[4] At the Rule 37 hearing, trial counsel testified that Brittany was "adamant that she did not want to testify." (Doc. No. 7-6 at 66.) During the investigation, trial counsel interviewed her. Specifically she told trial counsel that she had nothing to testify about and did not remember any scheme to entrap Mr. Davis. (Doc. No. 65.) Petitioner argues Brittany Walker's allegations - that Maria Walker's brother raped her - is evidence of Maria Walker's propensity to influence young ladies to accuse men of sexual allegations. However, Petitioner provides no evidence of what Brittany Walker would have testified about had she had been subpoenaed to trial. The circuit court correctly found this claim to be conclusory not an unreasonable application of *Strickland*. It, therefore, must be dismissed.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Davis's claims do not rise to a substantial showing of the denial of a constitutional right. Therefore,

---

[4] Brittany Walker was Maria Walker's neighbor when she lived in Pine Bluff. Brittany Walker accused Maria Walker's brother of rape in 2005.

6

a certificate of appealability should not be entered.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the requested relief be DENIED.

2. A certificate of appealability should be DENIED.

DATED this 16th day of May, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE