# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TYRONE DAVIS**                                                                                    **PETITIONER**

v.                                          Case No. 5:16-cv-00017-KGB

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                                          **RESPONDENT**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe and the plaintiff Tyrone Davis's objections (Dkt. Nos. 8, 9). After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes to address Mr. Davis's objections to the Proposed Findings and Recommendations (Dkt. No. 9). Mr. Davis's first objection is to the Court's legal and factual conclusion that his trial counsel's failure to file a rape-shield motion was not ineffective assistance of counsel. Mr. Davis contends, had there been a request for a rape-shield hearing, that there would have been a reasonable probability that he would have been acquitted and that he would have received a fair trial. He contends that there would have been more evidence to go to the jury than solely his and the victim's credibility because the jury would have heard evidence of prior similar accusations by the victim, L.R., which did not result in criminal charges.

In Arkansas, "evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations is not admissible by the defendant,

either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose." Ark. Code Ann. § 16-42-101(b). As such, the statute specifically precludes the admissibility of evidence of a victim's prior allegation of sexual conduct if the victim asserts that the allegation is true. *State v. Kindall,* 428 S.W.3d 486, 489 (Ark. 2013) (determining that, when the victim asserts that prior allegations of sexual conduct are true, the rape-shield statute precludes the admissibility of the evidence surrounding the allegations to attack the victim's credibility).

Here, Mr. Davis's trial counsel testified that she believed L.R. would have testified that the prior accusation was true. Accordingly, evidence of the prior accusation would have been inadmissible and cannot be the basis for an ineffective assistance of counsel claim under Arkansas law. *See, e.g.*, *Small v. State*, 264 S.W.3d 512, 517 (Ark. 2007) ("Counsel is not ineffective for failing to make an argument that is meritless."). Moreover, failing to file a rape-shield motion, which would have only proffered inadmissible evidence, could hardly result in the type of prejudice to the petitioner required by *Strickland v. Washington,* 466 U.S. 688, 687 (1984).

Even if the court had admitted evidence of L.R.'s prior accusation, Mr. Davis fails to establish how L.R.'s testimony, that she had previously been assaulted, would have resulted in acquittal of Mr. Davis. L.R. testified in detail regarding Mr. Davis's conduct. The fact that L.R. previously reported an assault, which resulted in no criminal charges, does not establish that L.R. lied about the prior assault, nor does it implicate L.R.'s credibility. Therefore, the Court agrees with the Proposed Findings and Recommendations that Mr. Davis has not shown that the Arkansas court misapplied *Strickland* on this point.

Mr. Davis next objects to the legal and factual conclusion that his trial counsel's questioning of M.W. was not ineffective assistance of counsel. Mr. Davis maintains that M.W. should have been treated as a hostile witness and cross-examined by his trial counsel. Mr. Davis

contends that his trial counsel should have pursued questions regarding M.W.'s alleged pattern of attempts to entangle men in rape accusations, as well as her attempts to fuel L.D.'s accusations against her uncle, to have her brother arrested for the rape of B.W., and to convince B.W. to persuade Mr. Davis into having sex with her so that Mr. Davis would be arrested for statutory rape. Mr. Davis further maintains that his trial counsel was aware of M.W.'s prior rape accusations and failed to pursue that line of questioning, even though it would have damaged M.W.'s credibility and strengthened Mr. Davis's case.

Here, the state did not call M.W. as a witness; so Mr. Davis's trial counsel's only option was to question M.W. directly. Several times during M.W.'s testimony, opposing counsel objected to Mr. Davis's trial counsel's attempts to lead M.W., and at a bench conference, the trial judge denied Mr. Davis's trial counsel's request to treat M.W. as a hostile witness. The Proposed Findings and Recommendations determined that the circuit court's finding that trial counsel was not ineffective for her line of questioning of M.W. did not unreasonably apply *Strickland*. The Court agrees. Mr. Davis's argument is not supported by the facts in the record. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland,* 466 U.S. at 686. Here, counsel attempted to treat M.W. as a hostile witness and was prohibited from doing so by the judge. Thus, counsel's conduct is not the source of any potential error.

Finally, Mr. Davis objects to the legal and factual conclusion that trial counsel's failure to subpoena B.W. was not ineffective assistance. Mr. Davis contends that B.W.'s testimony would have cast doubt on the victim's credibility. He contends that his trial counsel's "uncertainty" regarding the content of B.W.'s testimony is evidence that B.W.'s testimony would not have been able to withstand scrutiny and, thus, would have favored Mr. Davis's case. Mr. Davis contends that B.W.'s testimony was necessary to support his allegation that the victim was not credible.

Pursuant to *Strickland*, a strategic choice that falls within the range of reasonable professional judgment is not ineffective assistance. *Id*. at 699. Here, Mr. Davis's trial counsel testified that she interviewed B.W., that B.W. was adamant that she did not want to testify, and that B.W. told Mr. Davis's trial counsel that she had nothing to testify about and did not remember any scheme to entrap Mr. Davis. Mr. Davis presents no evidence that B.W. would have testified otherwise or that his trial counsel failed to interview B.W. Thus, the record evidence in this case indicates that Mr. Davis's trial counsel exercised her professional judgment after a reasonable inquiry that included an interview with the purported witness, B.W. The Court agrees with the Proposed Findings and Recommendations that the Arkansas court did not unreasonably apply *Strickland* in concluding that Mr. Davis's allegation of ineffective assistance did not merit relief.

For the reasons explained in the Proposed Findings and Recommendations and in this Order, the Court denies with prejudice Mr. Davis's petition for *habeas corpus* relief. The Court also declines to issue a certificate of appealability, as the Court determines that Mr. Davis has not made a substantial showing that he was denied a constitutional right. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court; 28 U.S.C. § 2253(c)(1)-(2).

It is so ordered this the 8th day of November 2017.

_____
Kristine G. Baker
United States District Judge